### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRET STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-2177-EFM-ADM |
| v. ) | |
| ) | |
| SETHMAR TRANSPORTATION, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the court on plaintiff's motion to extend the discovery deadline from February 14, 2025, to March 14, 2025. (ECF 55.) Defendant opposes the motion. For the reasons explained below, the motion is granted in part and denied in part.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988. Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a finding of good cause. *Id.* The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

By way of the motion, plaintiff seeks to take the deposition of Jen Whitson beyond the current February 14 discovery deadline. Plaintiff states that he is "in the process of scheduling Jen Whitson's deposition for a date within the next week or two" and that Whitson and her counsel are "unavailable for deposition prior to or on February 14, 2025." (ECF 55, at 2.) Plaintiff does not explain why he did not begin planning for Whitson's deposition much earlier in the discovery process. It is entirely foreseeable that, when parties wait so long to schedule, conflicts inevitably make scheduling difficult. Plaintiff also notes that new counsel has entered the case, but that counsel is of the same firm as his current counsel. Quite simply, plaintiff has not demonstrated why he could not have met the discovery deadline had he used diligence.

That said, there is some latitude in the schedule to allow this last remaining deposition to be taken beyond the discovery deadline without interfering with other case-management deadlines (such as the March 3 deadline for submission of the proposed pretrial order and the March 13 pretrial-conference setting) and consequently disrupting the dispositive-motion deadline.[1] Thus, the court will grant the motion in part to allow plaintiff to take the one remaining deposition while still keeping the other deadlines intact. Specifically, the motion is granted to the extent that the court will allow plaintiff to take Whitson's deposition on or before February 28.

**IT IS THEREFORE ORDERED** that plaintiff's motion to extend the discovery deadline (ECF 55) is granted to the extent that the court will allow plaintiff to take Jen Whitson's deposition on or before **February 28, 2025**. The motion is otherwise denied.

---

[1] In this District, the district judges' preference is to have the pretrial order entered before the dispositive-motion deadline. Because the parties and court will need time to finalize the proposed pretrial order sufficiently in advance of the dispositive-motion deadline, the deadline for submission of the proposed pretrial order and the pretrial-conference setting cannot move without a cascading effect on subsequent deadlines, including the trial date.

Dated February 18, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge